UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS T. WINSTON,

    Plaintiff,

    v.                                                                                    Case No. 20-CV-596-SCD

TAKATA CORPORATION,

    Defendant.

## SCREENING ORDER

On April 13, 2020, Thomas T. Winston filed this product-liability action against Takata Corporation, a foreign manufacturer of airbags, ECF No. 1, as well as a request to proceed without prepaying the full filing fee, ECF No. 2. The matter was randomly assigned to this court. On initial review, the court dismissed Winston's complaint for lack of subject-matter jurisdiction. Winston filed an amended complaint on May 18, 2020. *See* ECF No. 9. His request to proceed without prepaying the full filing fee will be granted.

**REQUEST TO PROCEED WITHOUT PREPAYING THE FULL FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Winston was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915. The PLRA gives courts discretion to allow a prisoner to proceed with his lawsuit without prepaying the $350.00 filing fee if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow him to pay the balance of the filing fee over time, through deductions from his prisoner account. *Id*.

In his request to proceed without prepaying the filing fee, Winston asserts that he is not employed, and he has no assets. ECF No. 2. A copy of his most recent institutional trust account statement reveals a start balance of $0.00 and an end balance of $8.92 for the period between February 26, 2020, and April 6, 2020. ECF No. 3. The statement lists his average monthly deposit as $33.18 and his average monthly balance as $11.98. Based on the above information, I assessed, and Winston subsequently paid, an initial partial filing fee of $10.80. I will therefore grant Winston's request to proceed without prepaying the full filing fee. Winston must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## SCREENING OF THE COMPLAINT

I. **Applicable legal standards**

Notwithstanding any filing fee that has been paid, the PLRA requires courts to dismiss a case if it determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous, for purposes of § 1915(e)(2)(B)(i), if "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Thus, courts may dismiss an action as frivolous if it is based on an "indisputably meritless legal theory" or where the factual contentions are "clearly baseless." *Denton*, 504 U.S. at 32–33 (quoting *Neitzke*, 490 U.S. at 327).

The standards for deciding whether to dismiss an action for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). That is,

2

to survive dismissal, the complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint need not contain "detailed factual allegations," a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in [her] favor." *DeWalt*, 224 F.3d at 612. Moreover, courts must liberally construe a pro se plaintiff's allegations, no matter how "inartfully pleaded." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. Factual allegations

Winston's complaint contains the following allegations. *See* ECF No. 9. On December 9, 2018, Winston was involved in a significant motor vehicle accident while driving his 2005 Mercedes Benz S500 in Milwaukee, Wisconsin. *Id.* at 2. After Winston's vehicle was struck on its side, it caromed into a traffic signal. The vehicle's airbags never deployed, which caused Winston to suffer injuries to his back, brain, skull, and neck. Since the accident, Winston has been dealing with extreme depression, anxiety, homelessness, embarrassment, lost wages, and an overall decline in his quality of life. *Id.* at 3. Winston claims that the manufacturer of the airbags, Takata Corporation (a Japanese auto supplier), "has admitted that its employees knew about the potential problems with its airbag inflators as early as 2000." *Id.* He further claims that "[t]he company acknowledged that it manipulated testing date that it provided to automakers, convincing them to buy Takata's airbags over those made by other manufacturers." *Id.*

3

Winston asserts that he is suing Takata for a violation of state law. *Id.* at 4. He further asserts that this court has jurisdiction over the matter because the parties are citizens from different states and the amount of money at stake is $2,500,000. *Id.* Winston seeks both compensatory and punitive damages. *Id.*

## III. Analysis

Liberally construed, the Amended Complaint appears to assert a cognizable product-liability claim. Winston alleges that he suffered injury as a result of Takata's defective airbags. At this early stage, I cannot say that those allegations have no basis in either law or in fact. Also, the allegations are—at this stage at least—sufficient to state a claim on which relief can be granted, and it does not appear that Takata is immune from suits seeking monetary relief. Winston's amended complaint therefore is not subject to dismissal under § 1915(e)(2)(B).

Moreover, I am satisfied that Winston has adequately pled a basis for subject-matter jurisdiction under 28 U.S.C. § 1332. Winston asserts that he is a citizen of Wisconsin and Takata is a citizen of Japan. ECF No. 9 at 1–2. Thus, he has sufficiently pleaded diversity of citizenship. *See* § 1332(a)(2) (establishing original jurisdiction over civil actions involving "citizens of a State and citizens of a foreign state"). Winston further asserts that the amount in controversy is $2,500,000, ECF No. 9 at 4—that is, well above the $75,000 threshold for getting into federal court based on diversity jurisdiction, *see* § 1332(a). At this stage, I cannot say that amount was not claimed in good faith. *See NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Gibbs v. Buck*, 307 U.S. 66, 72 (1939)) ("Generally the amount in controversy claimed by a plaintiff in good faith will be determinative on the issue of jurisdictional amount, unless it appears to a legal certainty that the claim is for less than that required by the rule.").

## CONCLUSION

Having determined that the requirements of 28 U.S.C. §§ 1915(a) and (e)(2)(B) are satisfied, Winston's request to proceed without prepaying the full filing fee, ECF No. 2, is **GRANTED**.

Pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4, the United States Marshals Service shall serve a copy of the Amended Complaint, a waiver of service form and/or the summons, and this Order upon the defendant. Even though Winston has been permitted to proceed without prepaying the full filing fee in this case, he is still responsible for the cost of serving the Amended Complaint on the defendant. Winston is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. *See* 28 C.F.R. § 0.114(a)(2) and (a)(3). Although Congress requires courts to order service by the U.S. Marshals Service precisely because plaintiffs allowed to proceed without prepaying the full filing fee are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The U.S. Marshals will give Winston information on how to remit payment. The court is not involved in collection of the fee.

The agency having custody of Winston shall collect from his institution trust account the $339.20 balance of the filing fee by collecting monthly payments from Winston's prison trust account in an amount equal to 20% of the preceding month's income credited to Winston's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly

identify the payments by the case name and number. If Winston transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this Order, along with Winston's remaining balance, to the receiving institution.

A copy of this Order shall be sent to the officer in charge of the agency where Winston is confined.

Pursuant to the Prisoner E-Filing Program, Winston shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[1] If Winston is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS; it will only delay the processing of the matter.

The court further advises Winston that failure to make a timely submission or otherwise comply with court orders may result in dismissal of this action for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

**SO ORDERED** this 10th day of June, 2020.

_____
STEPHEN C. DRIES
United States Magistrate Judge