UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THOMAS T. WINSTON,

    Plaintiff,

    v.                                                                          Case No. 20-CV-596-SCD

TAKATA CORPORATION,

    Defendant.

---

### ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

---

On April 13, 2020, Thomas T. Winston filed this product-liability action against Takata Corporation, a foreign manufacturer of airbags. ECF No. 1. The matter was randomly assigned to me, and on initial review, I dismissed the complaint for lack of subject-matter jurisdiction. *See* ECF No. 8. Winston filed an amended complaint on May 18, 2020. *See* ECF No. 9. I screened the amended complaint, *see* 28 U.S.C. § 1915, permitted Winston to proceed with his claims, *see* ECF No. 10, and later clarified that Winston was responsible for serving process on Takata, a foreign defendant, *see* ECF No. 11.

Winston subsequently filed letters indicating that he had served Takata via certified mail, which apparently was received by the company on October 2, 2020. *See* ECF Nos. 14, 15. On February 1, 2012, Winston filed a motion for default judgment against Takata for $2,500,000, arguing that Takata has failed to respond to the complaint within the time required by federal rules. *See* ECF No. 19. Winston also submitted two declarations in support of his motion for default judgment. *See* ECF Nos. 17, 18.

Obtaining a default judgment in federal court is a two-step process. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) ("There are two stages in a default proceeding.").

> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

*UMG Recordings, Inc. v. Arista Records, LLC*, 461 F. Supp. 2d 837, 841 (S.D. Ill. 2006) (citing Fed. R. Civ. P. 55). According to Fed. R. Civ. P. 55(b)(1), "the clerk may enter a judgment by default when the plaintiff's claim is for a sum certain or for a sum which can be computed with certainty and the defendant has been defaulted for failure to appear and is neither an infant nor incompetent." *UMG Recordings*, 461 F. Supp. 2d at 841. "In all other cases, the party seeking a judgment by default must apply to the presiding district judge for entry of a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)).

Winston is not entitled to default judgment at this time because he has not sufficiently established that he properly served Takata according to Fed. R. Civ. P. 4. Winston's proof of service indicates that he mailed a copy of the relevant documents to Eric D. Green, Takata's restitution trust fund attorney. It appears that Green was appointed by the Eastern District of Michigan to serve as the special master for two trust funds set up to compensate victims of Takata's defective airbags. *See* http://www.takataspecialmaster.com/index (last visited Feb. 5, 2021); *see also United States v. Takata Corp.*, No. 16-CR-20810, 2018 U.S. Dist. LEXIS 45912 (E.D. Mich. Mar. 21, 2018). However, Green's court-appointed role does not make him Takata's agent for service of process of this individual lawsuit.

Accordingly, Winston's motion for default judgment, ECF No. 19, is **DENIED**. Winston is advised that he may be better off seeking compensation from Takata through one

of the established trust funds than via this lawsuit. I will nevertheless **EXTEND** the time for Winston to serve Takata to **March 10, 2021**. Failure to properly serve Takata by that date may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b); E.D. Wis. L. R. 41(a).

    **SO ORDERED** this  12th  day of February, 2021.

                                                                          STEPHEN C. DRIES
                                                                          United States Magistrate Judge

3

Case 2:20-cv-00596-SCD   Filed 02/12/21   Page 3 of 3   Document 20