UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS T. WINSTON,

    Plaintiff,

    v.              Case No. 20-C-596

CONTINENTAL AUTOMOTIVE SYSTEMS, INC.,
CONTINENTAL AG, MICROCHIP TECHNOLOGY,
DAIMLER AG, and MERCEDES-BENZ USA, LLC,

    Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

  Plaintiff Thomas T. Winston, proceeding *pro se*, brought this action against Defendants Continental Automotive Systems, Inc., Continental AG, Microchip Technology, Daimler AG, and Mercedes-Benz USA, LLC, alleging strict liability design defect, strict liability manufacturing defect, and negligence, arising out of an automobile accident that occurred on December 9, 2018. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Before the Court are motions to dismiss from Mercedes-Benz USA, LLC, Continental Automotive Systems, Inc., and Microchip Technology, all based on the applicable statute of limitations. The Court will grant the motions, and, because the statute of limitations applies to all Defendants, dismiss the case.

### ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

  According to the second amended complaint, Plaintiff purchased a 2004 Mercedes-Benz S500 bearing the vehicle identification number WDBNG75JO4A403275 in December 2018. 2d Am. Compl. ¶ 11, Dkt. No. 34. On December 9, 2018, while driving the vehicle in Milwaukee, another vehicle struck the side of Plaintiff's vehicle, causing it to strike a traffic light pole and a

nearby building. *Id.* at ¶¶ 16–23. The vehicle's airbags did not deploy upon impact with the other vehicle, with the traffic light pole, or with the building. *Id.* As a result, Plaintiff suffered "serious injuries to his neck, back, brain, hips, abdomen, shins, and skull." *Id.* at ¶ 22.

Plaintiff asserts that each Defendant played a role in his accident. As for Daimler, Plaintiff asserts that it manufactured the vehicle and installed the defective airbag system. *Id.* at ¶ 25. Mercedes-Benz is alleged to have sold the vehicle containing the defective airbag system in the United States. *Id.* at ¶ 27. Continental Automotive Systems, Inc., Continental AG, and Microchip Technology are all alleged to have "manufactured and sold components of the airbag system that were incorporated" into the vehicle. *Id.* at ¶ 26. Plaintiff alleges that the car had been well-maintained and that none of the safety systems had been disabled or tampered with. *Id.* at ¶ 28. He also alleges that Defendants "knew or should have known that the airbags and airbag control units were defective," and furthermore, that the "defects in the design, manufacturing, or installation of the airbags or airbag components caused the airbags not to deploy during the accident." *Id.* at ¶¶ 29–30.

## PROCEDURAL BACKGROUND

Before reaching the merits of Defendants' motions, a brief history of this case is required. Plaintiff originally brought this action on April 13, 2020, against Takata Corporation. Dkt. No. 1. After Magistrate Judge Stephen C. Dries dismissed the original complaint for failure to satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332, Plaintiff filed an amended complaint, again naming Takata Corporation as the sole defendant. Dkt. No. 9. His amended complaint described his accident and alleged that Takata "admitted that its employees knew about the potential problems with its airbag inflators as early as the year of 2000." *Id.* at 2–3. He further

alleged that Takata "manipulated testing data that it provided to automakers, convincing them to buy Takata's airbags over those made by other manufacturers." *Id.* at 3.

Magistrate Judge Dries informed Plaintiff that he was responsible for serving Takata, a corporation based in Japan. Dkt. No. 11. After numerous failed attempts at service on Takata, on December 9, 2021, Magistrate Judge Dries appointed counsel to represent Plaintiff for the limited purpose of evaluating his case, determining the appropriate defendant to serve, considering whether an amended complaint would be appropriate, and assisting Plaintiff in effecting service on foreign defendants. Dkt. No. 29. On February 18, 2022, Plaintiff, with the assistance of counsel, filed a second amended complaint. Dkt. No. 34.

The domestic Defendants, Continental Automotive Systems, Mercedes-Benz, and Microchip Technology, were served, *see* Dkt. Nos. 40–42, and Plaintiff moved the Court for an order directing service of process on the two foreign Defendants, Daimler AG and Continental AG, which the Court granted on April 19, 2022. Dkt. Nos. 60 & 63. Continental AG made an appearance in the case on June 9, 2022, Dkt. No. 82, and service on Daimler was unsuccessful. Dkt. No. 78. After the Court granted Plaintiff's order for service, the Court granted his counsel's motion to withdraw. Dkt. Nos. 62 & 64. The domestic Defendants then filed motions to dismiss based on the applicable statute of limitations. Plaintiff has not filed a response to their motions, although he has requested that the Court consider equitable tolling or "alternative arguments" in response to Defendants' motions. Dkt. No. 79.

## ANALYSIS

Pursuant to Wis. Stat. § 893.54(1m)(a), an "action to recover damages for injuries to the person, including an action to recover damages for injuries to the person caused or sustained by or arising from an accident involving a motor vehicle," shall be "commenced within 3 years or be

3

barred." Plaintiff's second amended complaint was filed on February 18, 2022, but states that the accident occurred on December 9, 2018. Dkt. No. 34. Therefore, Plaintiff's second amended complaint is plainly barred by Wisconsin's three-year statute of limitations, as it was required to be filed on or before December 9, 2021. There are two ways in which Plaintiff's complaint may be saved, however.

The first possibility comes from Federal Rule of Civil Procedure 15. That rule allows an amended pleading to "relate back" to the date of the original pleading when certain conditions are met. Where, as here, the plaintiff seeks to add new parties to a complaint, he must show that (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading;" (2) "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment . . . received such notice of the action that it will not be prejudiced in defending on the merits;" and (3) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

But relation back is precluded by a small, yet important, detail buried within the case. As noted above, Rule 15(c)(1)(C)(i) requires that the prospective defendants receive notice of the action "within the period provided by Rule 4(m) for serving the summons and complaint." Ordinarily, that would mean within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). However, the Seventh Circuit has stated that "Rule 15(c) incorporates not only Rule 4(m)'s standard allowance of [90] days for service of process, but also any extension of time for good cause." *Keller v. United States*, 444 F. App'x 909, 911 (7th Cir. 2011). Magistrate Judge Dries extended Plaintiff's Rule 4(m) period to February 22, 2022. Dkt. No. 33 ("The plaintiff may have until February 22, 2022, to amend, file, and *effect service* of his amended complaint." (emphasis

Case 2:20-cv-00596-WCG   Filed 09/02/22   Page 4 of 8   Document 91

added)). Therefore, under Rule 15(c)(1)(C)(i), Defendants were required to receive notice of the action on or before February 22, 2022.

Based on the admissions of service filed with the Court, Defendants were not served with the second amended complaint until March 1, 2022, and there is no indication in the record that Defendants otherwise received notice of the action on February 22, 2022. *See* Dkt. Nos. 40–42. The second amended complaint therefore does not relate back to the date of the original complaint because Defendants did not receive notice of the action within the period provided by Rule 4(m). *See, e.g.*, *Alexander v. Blackhawk Indus. Distrib., Inc.*, No. 1:20-cv-06249, 2021 WL 7543613 (N.D. Ill. June 15, 2021) ("Because Plaintiff has not pleaded or otherwise provided any indication that Blackhawk Corp received notice of the institution of this action during the Rule 4(m) period, the amended complaint does not relate back to the original complaint.").[1]

The second possibility is the doctrine of equitable tolling. "Equitable tolling halts the limitations clock 'when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'" *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (internal citations omitted). It is Plaintiff's burden to make this showing. *Id.* Plaintiff notes that he attempted to amend his complaint, *see* Dkt. Nos. 27 & 28, but that those motions were denied upon appointment of counsel. Dkt. No. 29. He further notes that counsel was appointed on December 9, 2021, the day the statute of limitations for his claims ran. *Id.* Even if the Court were to agree that Plaintiff diligently pursued his rights by seeking to amend his complaint, there was no extraordinary circumstance that prevented him from filing a timely action. Plaintiff is correct that counsel was appointed on the day the statute of limitations ran, but "the

---

[1] The Court notes that the result would be the same under Wisconsin's relation-back statute because Defendants did not have notice of this action "within the period provided by law for commencing the action." *See* Wis. Stat. § 802.09(3).

inability to find an attorney . . . does not toll the limitations period as plaintiff is not entitled to representation in [a] civil suit." *Davis v. Milwaukee Cnty.*, No. 16-cv-715-bbc, 2017 WL 766925, at *2 (W.D. Wis. Feb. 27, 2017) (quoting *Dunn v. Bldg. Trades United Pension Trust Fund*, No. 15-cv-0026, 2015 WL 7432846, at *2 (E.D. Wis. Nov. 23, 2015)) (internal quotation marks omitted). Nor is being incarcerated an extraordinary circumstance that justifies equitable tolling. *See Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001). Plaintiff has not demonstrated any extraordinary circumstance that prevented him from bringing a timely action and, therefore, is not entitled to the remedy of equitable tolling.

Therefore, because the Court concludes that the second amended complaint does not relate back to the original complaint and that Plaintiff is not entitled to the rare remedy of equitable tolling, this action is barred by the applicable statute of limitations. *See* Wis. Stat. § 893.54(1m)(a). Accordingly, the motions to dismiss filed by Mercedes-Benz, Continental Automotive Systems, and Microchip Technology are granted.

This leaves the two foreign Defendants, Daimler AG and Continental AG. As mentioned above, service was unsuccessful with respect to Daimler, Dkt. No. 78, and Continental has made an appearance but has yet to file a responsive pleading. Dkt. Nos. 82 & 90. Nonetheless, the Court considers their dismissal appropriate. The analysis conducted above for the domestic Defendants applies with equal force to the two foreign Defendants. The only portion of the analysis that changes is the applicable Rule 4(m) period with respect to Rule 15(c)(1)(C)(i). This presents an interesting problem, however, because Rule 4(m) provides that its limits "do not apply to service in a foreign country under Rule 4(f)," the portion of the rules that deals with effecting service upon a foreign corporation pursuant to the Hague Convention. *See* Fed. R. Civ. P. 4(f)(1), 4(h)(2). This may leave one with the impression that the notice period for purposes of Rule 15 is unlimited with

respect to foreign corporations. *Cf. Morel v. DaimlerChrysler AG*, 565 F.3d 20, 26 (1st Cir. 2009) ("Regardless of what uncertainty surrounds the amount of time afforded for a service of a foreign corporation in such circumstances, it is logical that Rule 15(c)(1)(C) would afford no less time for the giving of notice in cases involving foreign corporations than it would in the ordinary case to which Rule 4(m) applies.").

But Rule 15(c)(1)(C)(i) is not concerned with service; it is concerned with *notice*. *See, e.g.*, *Mitchell v. CFC Financial LLC*, 230 F.R.D. 548, 550 (E.D. Wis. 2005) (stating that notice under Rule 15 may be "either formal or informal."); *Morel*, 565 F.3d at 26 ("At a minimum, though, notice requires knowledge of the filing of suit, not simply knowledge of the incident giving rise to the cause of action."). Therefore, while it is clear that Rule 4(m) does not apply to *service* in a foreign country, there is no reason to believe that it does not apply to the *notice* requirements of Rule 15(c). After all, if a phone call from a plaintiff to a foreign defendant is sufficient to satisfy the notice requirements of Rule 15(c), it would make little sense to afford near-unlimited time to accomplish such a simple task. Nothing in the record suggests that Plaintiff provided Daimler AG or Continental AG with notice of the action within the period allotted by Rule 4(m), and therefore, the second amended complaint does not relate back to the date of the original complaint with respect to them either. Accordingly, Plaintiff's claims against Daimler AG and Continental AG are also time-barred.[2]

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (Dkt. Nos. 67, 69, & 72) are **GRANTED**. Plaintiff's claims against all Defendants are barred by the applicable statute of

---

[2] The Court again notes that the result would be the same under Wisconsin's relation-back statute because Daimler AG and Continental AG did not have notice of this action "within the period provided by law for commencing the action." *See* Wis. Stat. § 802.09(3).

limitations. The Court concludes that the second amended complaint does not relate back to the original complaint and declines to equitably toll the statute of limitations. Therefore, this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 2nd day of September, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge